IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TYLER BRAXTON DENBY,<br><br>                Plaintiff,<br><br>    vs.<br><br>SERGEANT BLANCO, in his individual capacity.<br><br>                Defendant. | **8:24CV221**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Plaintiff Tyler Braxton Denby's Amended Complaint filed on September 22, 2025. Filing No. 15. Plaintiff is currently incarcerated. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). For the reasons stated herein, the matter will proceed to service of process.

## I.    BACKGROUND

      Plaintiff filed his original complaint on June 14, 2024. Filing No. 1. Upon initial review, the Court dismissed Plaintiff's claims except for a possible claim against Sergeant Blanco for an alleged assault. Plaintiff was given 30 days to file an Amended Complaint that more fully described his assault claim. Plaintiff's Amended Complaint was timely filed on September 22, 2025, and is now subject to initial review. Filing No. 15.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

      The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a

claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION

Plaintiff seeks recovery under 42 U.S.C. § 1983. To state a § 1983 claim, Plaintiff must allege facts showing "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of

2

"rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

Plaintiff sues Sergeant Blanco, in his individual capacity, alleging a right to recover against Blanco for his use of excessive force. To state an excessive force claim under the Fourth Amendment, a plaintiff must allege that (1) he was seized, and (2) the officer's use of force was objectively unreasonable given the facts and circumstances of the incident as judged from the perspective of a reasonable officer on the scene, and without regard to the officer's underlying intent or motivation. *Deezia v. City of Lincoln*, 350 F. Supp. 3d 868, 883 (D. Neb. 2018) (citing *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015)); *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013)).

In his Amended Complaint, Plaintiff alleges Blanco was working as a correctional officer at the Scotts Bluff County Detention Center while Plaintiff was confined at that facility awaiting trial. Plaintiff alleges that between 8:00 a.m. and 9:00 a.m. on October 1, 2021, for no reason, Blanco pushed him 10 feet, grabbed him by the shirt, and threw him into his cell, causing injuries to Plaintiff's neck and shoulder, pain, and anxiety. Plaintiff requests an award of damages.

Plaintiff alleges Blanco, in his role as a state actor, seized Plaintiff using physical force for no penological purpose. At the pleading stage, these allegations are sufficient to allege a plausible excessive force claim.

### IV. CONCLUSION

For purposes of initial review, Plaintiff's Amended Complaint, Filing No. 15, states a claim under 42 U.S.C. § 1983 for excessive force. However, **the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential**

**defenses thereto**. This matter will proceed to service of process as set forth below.

IT IS THEREFORE ORDERED

1. Plaintiff's Amended Complaint may proceed to service of process against Sergeant Blanco, in his individual capacity.

2. For service of process on Sergeant Blanco, in his individual capacity, the Clerk of Court is directed to complete a summons form and a USM-285 form for Sergeant Blanco using the following address: Scotts Bluff County Detention Center, 2522 7th St. Gering, NE 69341, and forward them together with a copy of the Amended Complaint, Filing No. 15, and a copy of this Memorandum and Order to the United States Marshals Service.

3. The Marshals Service shall serve Sergeant Blanco, in his individual capacity, by certified mail or other authorized method of service at the Scotts Bluff County Detention Center address shown above. *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01 (prescribed method for serving an individual).

4. For service by certified mail or designated delivery service, the Marshals Service shall serve the defendant within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service. *See* Neb. Rev. Stat. § 25-505.01(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[1]

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner,

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process on Sergeant Blanco.

7. Plaintiff is hereby notified that failure to obtain service of process on Sergeant Blanco within 90 days of the date of this order may result in dismissal of this matter without further notice. A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **December 30, 2025**: service of process to be completed.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 1st day of October, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge

---

prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).