IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TYLER BRAXTON DENBY,

Plaintiff,

vs.

BLANCO, Sgt, in his individual capacity;

Defendant.

**8:24CV221**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Sgt. Blanco's ("Sgt. Blanco" or "Defendant")[1] Motion to Dismiss, Filing No. 22, and on Plaintiff Tyler Braxton Denby's ("Denby" or "Plaintiff") Motions for Status, Filing Nos. 26, 27, and 28. Denby submitted a Letter, Filing No. 25, that the Court construes as a response to Sgt. Blanco's Motion to Dismiss. In his Letter, Denby also requested appointment of counsel, Filing No. 25 at 1.

In his Motion, Sgt. Blanco contends that Denby's Amended Complaint, Filing No. 15, should be dismissed because Denby failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons stated below, the Court will not consider matters outside the pleadings that Sgt. Blanco relies on to support his Motion. Further, because the Amended Complaint does not establish the exhaustion defense on its face, the Motion to Dismiss will be denied without prejudice to Sgt. Blanco reasserting the defense in a properly supported motion for summary judgment. Denby's request for counsel will also be denied without

[1] The parties both refer to Defendant only as "Sgt. Blanco."

prejudice. Denby's other Motions for Status are granted with this Memorandum and Order.

## I. BACKGROUND

Denby is currently incarcerated at the Federal Correctional Institution in Otisville, New York. Filing No. 15 at 1. He alleges that in October 2021, he was a pretrial detainee housed in the medical unit of the Scotts Bluff County Detention Center ("SBCDC"). *Id.* at 4. At that time, Sgt. Blanco was a correctional officer at SBCDC. *Id.* Denby alleges that between 8:00 a.m. and 9:00 a.m., on October 1, 2021, Blanco pushed Denby ten feet, grabbed him by the shirt, and threw him into his cell. *Id.* at 3. The incident caused immediate injuries to Denby's neck and shoulder, and cause Denby long-term pain and anxiety. *Id.* Denby sues Blanco in his individual capacity under 42 U.S.C. § 1983. *Id.*

Denby filed his Amended Complaint using the Court's Pro Se 14 form for prisoner civil rights actions (the "Form"). *See* Filing No. 15 at 1. The Form asks a series of questions about administrative grievances. *See id.* at 6-7. In answer to those questions, Denby states that he does not know whether SBCDC had a grievance procedure, and that he does not know whether any such procedure covered his claim. *Id.* at 6. He indicates that he did not file a grievance about the incident. *Id.* at 7. In response to the question about why he did not file a grievance, Denby states that he did not know he could at the time, and that he struggles with the effects of a traumatic brain injury ("TBI"). *Id.* at 8.

In its Memorandum and Order, Filing No. 16 (the "Initial Review Order"), the Court concluded that, for purposes of initial review, Denby's allegations were sufficient to state a plausible excessive force claim. Sgt.

Blanco now moves to dismiss because Denby did not exhaust all available administrative remedies before filing suit as required by the PLRA. Filing No. 22. In support, Sgt. Blanco submits the affidavit of Mark Overman and three exhibits: a copy of the "Detainee Handbook Acknowledgement" signed by Denby upon booking, a copy of the SBCDC Detainee Handbook, and a copy of the lone grievance Denby submitted during his time at SBCDC. *See* Filing No. 23.

According to Overman, SBCDC's Detainee Handbook set out a procedure that required a detainee to file a grievance through the facility's "KIOSK" system within 72 hours of an incident. Filing No. 23 at 3. Denby signed the Acknowledgment stating that the handbook was available to him on that KIOSK system. *Id.* According to Overman's affidavit, Denby used the grievance procedure on an unrelated matter on September 17, 2021. *See* Filing No. 23 at 33. Overman also asserts that Denby submitted numerous other KIOSK requests, though he never filed a grievance about the incident at issue in this case. Filing No. 23 at 2-3. Based on the Amended Complaint and this evidence, Sgt. Blanco argues Denby did not file a grievance in accordance with the SBCDC grievance procedure and therefore did not exhaust administrative remedies as required under the PLRA. *See* Filing No. 24 at 2, 5.

Denby directly responded to several assertions in Sgt. Blanco's brief and Overman's Affidavit. *See* Filing No. 25.[2] Denby disputes several of Overman's assertions. For example, Denby asserted that the SBCDC permitted paper grievances in addition to those submitted through the KIOSK system. Filing

[2] Denby dated most of his response December 7, 2025, but the envelope is postmarked December 30, 2025, and the response was not docketed until January 6, 2026. Filing No. 25 at 2, 6. Given Denby's pro se status, the Court has considered it.

No. 25 at 4. Denby explains that he submitted multiple grievances on several matters on paper, and he received responses to four of those grievances. Filing No. 25 at 2. While Denby acknowledges that he does not remember whether he "filled out" a grievance about Sgt. Blanco and the incident at issue in this case, Denby specifically claims that he reported the incident to one of Sgt. Blanco's superior officers. Filing No. 25 at 3. Sgt. Blanco's superior told Denby that a report would be made. Filing No. 25 at 3-4.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim, the text of the plaintiff's complaint must contain enough factual allegations to nudge the plaintiff's claims across the line from conceivable to plausible. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claims are plausible if the facts alleged allow the Court to reasonably infer that the defendant could be held responsible for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a plaintiff is represented or pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, the Court must liberally construe pro se complaints, and these litigants are held to a lesser pleading standard. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). If the essence of an allegation is discernible, although pleaded without "legal nicety," the Court will construe the complaint in a way that allows the claim to be evaluated within the proper legal framework. *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

## III. DISCUSSION

### A. The PLRA's Exhaustion Requirement

Sgt. Blanco moves to dismiss Denby's Amended Complaint because Denby failed to exhaust his administrative remedies. Denby asserts that he does not know what it means to "exhaust administrative remedies." Filing No. 25 at 3. Pursuant to the PLRA, inmates cannot bring an action regarding prison conditions under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA requires "proper exhaustion," meaning an inmate must comply with prison grievance policy deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006). To properly exhaust, the grievance must raise the specific issue addressed in the federal claim. *See Muhammad v. Mayfield*, 933 F.3d 993, 1002-03 (8th Cir. 2019).

An inmate satisfies § 1997e(a) by pursuing "the prison grievance process to its final stage" to "an adverse decision on the merits." *Porter v Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) (quoting *Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014)). It does not matter that the inmate "subjectively believed that there was no point in his pursuing administrative remedies." *Id.* (quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir.2002) (en banc)). Significantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007)). The only limit to § 1997e(a)'s mandate is that an inmate need exhaust only such administrative remedies as are "available." *Ross v. Blake*, 578 U.S. 632, 648 (2016).

Where a prisoner fails to exhaust administrative remedies prior to bringing an action, dismissal without prejudice is mandatory. *Porter v Sturm*, 781 F.3d 448 (8th Cir. 2015). "[F]ailure to exhaust is an affirmative defense" and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Unless a failure to exhaust is clear on the face of the complaint, the defense must be raised in a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, and defendants must produce evidence proving failure to exhaust. *Albino*, 747 F.3d at 1166. A defendant is entitled to summary judgment if "undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust." *Id.*

**B. Exhaustion on the Face of the Amended Complaint**

Sgt. Blanco argues that Denby did not file a grievance that followed SBCDC guidelines, but this failure is not clear from the face of the Amended Complaint. For his Amended Complaint, Denby used the form "Pro Se 14 Complaint for Violation of Civil Rights (Prisoner)." *See* Filing No. 15. Denby acknowledges that under Section VII.D of the form, he checked the box stating that he did not "file a grievance in the jail, prison, or other correctional facility where [his] claim(s) arose concerning the facts relating to this complaint." *See id.* at 7. The Court first considers whether checking this box on the form establishes, for purposes of a motion to dismiss, that Denby's failure to exhaust is clear from the face of the Amended Complaint.

Courts do not consider checked boxes on form complaints in a vacuum. For example, in *Rodgers v. Montgomery*, No. 1:23-CV-76-SNLJ, 2024 WL 1194490, at *3 (E.D. Mo. Mar. 20, 2024), the Eastern District of Missouri granted the defendant's 12(b)(6) motion because, in addition to checking the

box on the form complaint, other sworn statements established that the plaintiff did not file a grievance and did not allege that the grievance process was unavailable to him. Similarly, in *Cooks v. Luebbers*, No. 4:05CV1252DDN, 2005 WL 6120924, at *3 (E.D. Mo. Dec. 7, 2005), the court dismissed the plaintiff's complaint for failure to exhaust because, in addition to checking the box on the form complaint, the plaintiff affirmatively alleged that he failed to exhaust his remedies under the prison grievance system because he did not believe the law required him to do so.

In contrast, Denby's response in the form complaint alone does not establish failure to exhaust. Unlike the plaintiffs in *Rodgers* and *Cooks*, Denby's other allegations do not definitively establish he failed to exhaust his administrative remedies. First, on the same line where Denby checked the box, he qualified the assertion by stating that he complained to another correctional officer and eventually spoke to a lieutenant. Filing No. 15 at 7. Denby also asserted that he did not remember what he had reported and when or where he reported it. *Id.* at 6. Construed liberally and considered with his other allegations, the Court cannot conclude that Denby's failure to exhaust is established on the face of the Amended Complaint.

Additionally, unlike the plaintiff in *Rodgers*, Denby made allegations that, construed liberally, assert the grievance process was unavailable to him. *See Ross*, 578 U.S. at 644. A remedy may be unavailable if a plaintiff lacks the mental capacity to comply with the grievance procedure and the procedure's rules do not provide accommodation. *See Smith v. Andrews*, 75 F.4th 805, 809 (8th Cir. 2023); *see also Michalek v. Lunsford*, No. 4:11CV00685-JMM-JTR, 2012 WL 1454162, at *3 (E.D. Ark. Apr. 5, 2012), *report and recommendation adopted*, No. 4:11CV00685-JMM-JTR, 2012 WL 3235781 (E.D. Ark. Apr. 24, 2012) ("Physical or mental infirmities may render administrative remedies

'unavailable,' and excuse a prisoner from complying with the PLRA's exhaustion requirement."); *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 625-26 (6th Cir. 2011) (finding genuine factual dispute where inmate's mentally impaired condition raised "substantial doubt as to whether [he] was mentally capable of filing a grievance"). Denby alleged that he did not know whether SBCDC had a grievance procedure because, in part, he struggles with effects of TBI. Construed liberally, this allegation is sufficient to assert that the grievance process was unavailable to Denby.

The Court does not suggest that Denby's professed ignorance will ultimately excuse his failure to file a grievance. Courts have generally held that a prisoner's subjective unawareness of a grievance procedure does not render it unavailable when the facility has made the procedure known to him. *See, e.g., Stokes v. White*, 750 F. App'x 497, 499 (8th Cir. 2018). But whether the grievance procedure was available to Denby depends on facts outside the Amended Complaint. Accordingly, the Court cannot resolve this question on the pleadings.

In sum, construed liberally, although Denby checked a box that admitted he did not file a grievance, he qualified that admission with other allegations that he believed he may have filed a grievance. Additionally, Denby alleged that his mental condition may have hindered his ability to comply with grievance procedures. Accordingly, it is not clear from the face of the Amended Complaint that Denby failed to exhaust his administrative remedies and the Court cannot grant dismissal solely on the pleadings.

**C. Matters Outside the Pleadings**

Sgt. Blanco's Motion alternatively relies on evidence not referenced or attached to the Amended Complaint. Specifically, Sgt. Blanco submitted the

affidavit of Mark Overman and supporting exhibits. *See* Filing No. 23. If, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). A court may consider matters outside the pleadings only when the relevant materials are "necessarily embraced" by the pleadings. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). "In general, materials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Id.* (internal quotation marks and citation omitted). Courts may "consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Id.* (internal quotation marks and citations omitted).

Sgt. Blanco does not address whether the Overman Affidavit and supporting documents are "necessarily embraced" by Denby's Amended Complaint. The Court concludes that they are not. The Amended Complaint does not directly reference any documents attached to the Overman Affidavit. Further, there is no indication that the documents are subject to judicial notice, matters of public record, or inherently reliable. Accordingly, the Overman Affidavit and accompany documents are matters outside the pleadings.

**D. Conversion to Motion for Summary Judgment**

Because the Overman Affidavit and exhibits are matters outside the pleadings, the Court cannot consider them in deciding Sgt. Blanco's Motion to

Dismiss under Rule 12(b)(6). The Court must therefore decide whether to attempt to provide proper notice and convert the Motion to a motion for summary judgment under Rule 56, or whether to deny the Motion. The Court concludes that the Motion should be denied without prejudice to reassertion as a motion for summary judgment.

Several considerations support that choice. The record on exhaustion is undeveloped and, for the reasons stated above and in Denby's brief, disputed. Where a defendant attempts to establish failure to exhaust through matters outside the pleadings, several courts have refused to convert a Rule 12(b)(6) motion to a motion for summary judgment due to a plaintiff's pro se status and the lack of any discovery. *See Taylor v. Hull*, No. 4:13-CV-1065-CEJ, 2014 WL 562739, at *2 (E.D. Mo. Feb. 13, 2014) ("[I]n light of plaintiff's incarceration and pro se status, as well as the lack of any discovery to date, the court declines to consider the defendants' motion as one for summary judgment."); *see also Dowdy v. Hercules*, 2010 WL 169624 at *4 (E.D.N.Y. 2010) (declining to address Rule 12(b)(6) motion as a motion for summary judgment because plaintiff was a pro se prisoner and had not yet been given an opportunity to conduct discovery); *Perez v. Hawk*, 302 F.Supp.2d 9, 16 (E.D.N.Y. 2004) (same).

Denby is incarcerated in another state and is proceeding pro se. Filing No. 25 at 2-3. Converting the Motion would require him to meet the evidentiary demands of Rule 56 on a record assembled around a brief that was not framed as a summary judgment motion. Further, Sgt. Blanco's Motion does not include a statement of material facts that NECivR 56.1(a) requires. Construed liberally, Denby contests the accuracy of Overman's statements about Denby's grievance history and SBCDC's record-keeping, and he says he has copies of grievances and responses that are not before the Court. Filing No. 25 at 2-4. Additionally, he also raises a question as to whether the grievance process was

available to him. These considerations suggest Denby should have an opportunity to conduct discovery. Further, excluding the materials does not prejudice Blanco because exhaustion is an affirmative defense that Blanco may raise again on a properly supported motion for summary judgment.

**E. Renewed Request for Appointment of Counsel**

In his Letter, Denby again asks the Court to appoint counsel under 28 U.S.C. § 1915(e)(1). As stated in the Initial Review Order, Filing No. 12, there is no constitutional or statutory right to appointed counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 Fed. Appx. 3, 4 (8th Cir. 2021) (unpublished) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Denby claims counsel is necessary because of the factual and legal complexity of his case. Filing No. 25 at 1. He also claims his TBI and inability to investigate from prison inhibit his ability to represent himself. Filing No. 25 at 1, 5. The Court has again considered those factors and concludes that appointment of counsel is not warranted at this time. Denby asserts a single excessive-force claim against a single defendant, arising from a single incident. His filings show that he can describe what happened to him and respond to the arguments made against him. The Court recognizes that Denby has described

the effects of a TBI and the difficulty of litigating from prison. But the case has only now moved past the pleadings, and the Court cannot yet determine whether counsel is necessary. The request will therefore be denied without prejudice, and the Court will remain alert to the possibility that later developments in the case may show that counsel should be appointed.

## IV. CONCLUSION

The allegations in the Amended Complaint do not establish on their face that Denby failed to exhaust his administrative remedies as required by the PLRA. Further, for the reasons stated, the Court cannot yet consider matters outside the pleadings that Sgt. Blanco relies on to support his Motion to Dismiss. Accordingly, the Motion to Dismiss will be denied without prejudice to Sgt. Blanco reasserting the defense in a properly supported motion for summary judgment. Denby's request for counsel will also be denied without prejudice.

IT IS THEREFORE ORDERED that:

1. Sgt. Blanco's Motion to Dismiss, Filing No. 22, is denied without prejudice to reassertion in a motion for summary judgment that complies with Fed. R. Civ. P. 56 and NECivR 56.1.

2. Denby's request for appointment of counsel, contained in Filing No. 25, is denied without prejudice to reassertion.

3. Denby's Motions for Status, Filing Nos. 26, 27, and 28, are granted with this Memorandum and Order.

4. Sgt. Blanco shall answer the complaint within 14 days of the date of this Memorandum and Order. *See* Fed. R. Civ. P. 12(a)(4)(A).

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **December 2, 2026**: check for answer.

Dated this 18th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge